**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY, KANSAS**

BOBBY FRANKLIN JR.,

      Plaintiff,

-vs-                                            Case No.

SAFELITE FULFILLMENT, INC., D/B/A SERVICE
AUTO GLASS a foreign corporation; and SAFELITE
GROUP, INC., a foreign corporation,

      Defendants.

_____

## **COMPLAINT**

      COMES NOW Plaintiff, by and through counsel Tony L. Atterbury and Jay Sizemore of Brad Pistotnik Law, P.A. and for her claims against Defendants, alleges and states:

1. Plaintiff is a resident of Kansas.

2. Defendant Safelite Fulfillment, Inc. d/b/a Service Auto Glass transacts business in Kansas, is a foreign corporation with a principal place of business in Columbus, Ohio, and may be served with process through its resident agent, Corporation Service Company, at 2900 SW Wanamaker Drive, Suite 204, Topeka, Kansas 66614.

3. Safelite Group, Inc. transacts business in Kansas, is a foreign corporation with a principal place of business in Columbus, Ohio, and may be served with process through its resident agent, Corporation Service Company, at 2900 SW Wanamaker Drive, Suite 204, Topeka, Kansas 66614.

4. Defendant Safelite Fulfillment, Inc. d/b/a Service Auto Glass and Safelite Group, Inc. are related entities and alter egos of one another. Alternatively, Defendant Safelite Fulfillment,

Inc. d/b/a Service Auto Glass is a subsidiary of Defendant Safelite Group, Inc. or Defendant Safelite Group, Inc. is a subsidiary of Defendant Safelite Fulfillment, Inc. d/b/a Service Auto Glass (Defendant Safelite Fulfillment, Inc. d/b/a Service Auto Glass and Defendant Safelite Group, Inc. hereinafter will be collectively referred to as "Defendant businesses").

5. This court has proper venue and jurisdiction over the persons and subject matter.

6. This action is brought pursuant to 28 U.S.C. Section 1332(a) on the basis of diversity of citizenship and the matter in controversy exceeds the sum of Seventy-Five Thousand and no/100 Dollars ($75,000.00), exclusive of interest and costs.

7. On or about the 22nd day of March 2017, Plaintiff was operating a motor vehicle westbound on Highway 54, commonly referred to as Kellogg in Wichita, Sedgwick County, Kansas, when Terry Dewitt (Defendant businesses' driver), who was operating a commercial van owned and operated by Defendant businesses, while negligently and carelessly failing to pay attention rear-ended the vehicle the Plaintiff was driving and pushed in him into the vehicle in front of him causing a second impact, thereby proximately causing a collision, injuries, and damages to Plaintiff.

8. The damage to the vehicle the Plaintiff was operating was so severe that it was likely deemed a total loss.

9. At the time and moment of the motor vehicle collision that is the subject of this complaint, Defendant businesses' driver was operating in the course and scope of his employment with Defendant businesses and, therefore, the actions and omissions of Defendant businesses' driver are the actions and omissions of Defendant businesses under the doctrines of Respondeat Superior and Vicarious Liability for all allegations set forth in this complaint.

10. Officer Price of the Wichita Police Department opined in the Kansas Motor Vehicle

Accident Report that the Defendant businesses' driver was at-fault for the accident by following too closely and he issued Defendant businesses' driver citation number 16M015203 for the same. Upon information and belief, Defendant businesses' driver pled guilty to said charge, thereby making an admission against interest.

11. The motor vehicle operated by Defendant businesses' driver and involved in this collision was dispatched, supervised, monitored, operated, and controlled by the fleet management of Defendant businesses.

12. Defendant businesses' driver was hired, supervised, and trained by Defendant businesses.

13. Upon information and belief, Defendant businesses have a systemic habit, custom, and routine business practice of allowing unsafe and untrained drivers to drive carelessly and negligently by failing to train drivers on accident avoidance techniques, hazard perception techniques, and defensive driving techniques by utilizing training programs like the Smith System and/or the J.J. Keller system.

14. The actions and omissions of Defendant businesses' driver are the actions and omissions of Defendant businesses under the doctrines of Respondeat Superior and Vicarious Liability and are careless and negligent for the following reasons:

   A) Following too closely;

   B) Inattentive operation of a motor vehicle;

   C) Failing to keep a proper lookout;

   D) Failing to exercise ordinary care;

   E) Failing to signal;

   F) Failing to warn;

   G) Failing to take evasive action;

      H) Distracted and/or inattentive driving;

      I) Speeding too fast for the then existing conditions of slower moving and/or stopped traffic;

      J) Speeding;

      K) Careless driving;

      L) Reckless driving;

      M) Upon information and belief, violation of K.S.A. 8-15,111 which places a duty upon drivers not to operate a motor vehicle while using a wireless communications device to write (i.e., type), send, or read a written communication including, but not limited to, a text message, instant message, or electronic mail.

      N) Negligence and negligence per se for violation of laws, ordinances, and/or statutes of the State of Kansas and/or the City of Wichita;

      O) Other negligent actions and omissions to be supplemented after discovery.

15. The actions and omissions specific to Defendant businesses, upon information and belief, are careless and negligent for the following reasons:

      A) Failing to adequately warn Defendant businesses' driver after this accident;

      B) Failing to terminate Defendant businesses' driver;

      C) Failing to train Defendant businesses' driver with proper defensive driving skills before and after the accident;

      D) Failing to immediately reprimand Defendant businesses' driver;

      E) Failing to retrain Defendant businesses' driver shortly after this accident;

      F) Failure to train Defendant businesses' driver in the proper hazard communication signals, hazard perception, and other safe operating protocols by failing to utilize

training programs like the Smith System and/or the J.J. Keller system;

G) Failing to have adequate safety management protocols in place;

H) Failing to follow appropriate dynamics, elements, and protocols of a fleet safety program as taught by the National Safety Council in its literature entitled, *Dynamics of Fleet Safety, The Fleet Excellence Process, Instructor Manual,* a copy of which is incorporated herein and attached as **Exhibit A.**

I) Failing to create and implement a proper safety program that would require Defendant businesses' driver to be comprehensively tested in written form to determine that he has a comprehensive understanding of appropriate defensive driving skills;

J) Failing to test Defendant businesses' driver for alcohol and drug consumption randomly and after this accident;

K) Negligent hiring, retention, supervision, and/or training of Defendant businesses' driver and supervisory managers above Defendant businesses' driver;

L) Defendant businesses and their respective agents, employees, and representatives were careless and negligent in their hiring, training, supervision, and/or retention of Defendant businesses' driver and his supervisory personnel.  Defendant businesses carelessly and negligently hired unfit employees and agents; failed to properly train, supervise, and monitor them; and retained employees and/or agents who were not performing their jobs properly or adequately, including, but is not limited to, Defendant businesses' driver and his supervisory personnel. Defendant businesses had an obligation to use reasonable care in selecting and retaining their employees, agents, and independent contractors, and were negligent in hiring,

selecting, training, monitoring, and retaining their employees, agents, and independent contractors, including, but not limited to, Defendant businesses' driver. Defendant businesses carelessly and negligently failed to use reasonable care in the hiring, selecting, training, monitoring, and/or retention of employees and agents, including, but not limited to Defendant businesses' driver. Defendant businesses knew or reasonably should have known that they were not hiring safe and competent employees and agents and carelessly and negligently violated their duty to hire only safe and competent employees. Defendant businesses knew or reasonably should have known that their employees and agents including, but not limited to, Defendant businesses' driver, created and were an undue risk of harm to Plaintiff, and carelessly and negligently failed to reprimand, retrain, or terminate their employees, agents, and independent contractors, including Defendant businesses' driver and her supervisory personnel;

M) Defendant businesses' hiring, training, monitoring, supervision, and/or retention of unsafe and incompetent employees, agents, and independent contractors, including Defendant businesses' driver and his supervisory personnel, proximately caused the injuries to Plaintiff;

N) Defendant businesses, upon information and belief, have ratified all conduct of Defendant businesses' driver and their other employees who hired, trained, and supervised Defendant businesses' driver, either expressly or impliedly. Upon information and belief, Defendant businesses' driver was not reprimanded, retrained, or terminated following this accident.

O) Negligence and negligence per se for violation of laws, ordinances, and/or statutes

       of the State of Kansas and/or the City of Wichita;

    P) Other negligent actions and/or omissions to be supplemented after discovery.

16. As a further direct and proximate result of the careless and negligent actions and/or omissions of Defendants, Plaintiff received injuries to his body, including, but not limited to, his right ankle, back, paresthesia to his right foot and disc injuries to L3-L4, L4L-5. Plaintiff's injuries have required numerous medical treatments and medical appointments, including MRI studies, epidural injections, medial branch injections, dorsal ramus block injections and radiofrequency ablations (RFAs); may have had an aggravation to a pre-existing condition, and was otherwise injured. Plaintiff has been damaged with pain and suffering, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement, and permanent disability.  In the future Plaintiff will suffer with pain and suffering, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement, and permanent disability.  For the aforementioned damages, Plaintiff has been damaged in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

WHEREFORE, Plaintiff prays for a judgment against each Defendant in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), for costs herein, and for such other and further relief as the court deems just and equitable.

          **BRAD PISTOTNIK LAW, P.A.**

          */s/ Tony L. Atterbury*
          Tony L. Atterbury, #20314
          Jay Sizemore, #20395
          10111 E. 21st Street North, Suite 204
          Wichita, KS 67206
          316-684-4400, Fax: 316-684-4405
          Tony@BradPistotnikLaw.com
          jay@BradPistotnikLaw.com

*Attorneys for Plaintiff*

## DEMAND FOR PRETRIAL CONFERENCE AND JURY TRIAL

COMES NOW Plaintiff and demands a pretrial conference and a trial by jury in this matter.

*/s/ Tony L. Atterbury*
Tony L. Atterbury, #20314

## DESIGNATION FOR PLACE OF TRIAL

COMES NOW Plaintiff and designates Kansas City, Kansas as the place for trial in this matter.

*/s/ Tony L. Atterbury*
Tony L. Atterbury, #20314